FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 16 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- against –<br><br>LEONIDES HERNANDEZ-PORTILLO,<br><br>Defendant. | 12-CR-178<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On April 18, 2012, Leonides Hernandez-Portillo pled guilty to Count Five of a six-count indictment. Count Five charged that on or about January 5, 2012, Hernandez-Portillo, an alien who was illegally in the United States, knowingly and intentionally possessed a semi-automatic handgun and ammunition in violation of 18 U.S.C. § 922(g)(5)(A) and 18 U.S.C. § 924(a)(2).

Defendant was sentenced on September 13, 2012. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 21 and defendant's criminal history category to be category II, yielding a guidelines range of imprisonment of between 41 and 51 months. The offense carries a maximum term of imprisonment of ten years. 18 U.S.C. § 924(a)(2). The maximum fine that could have been imposed was $250,000. 18 U.S.C. § 3571(b)(3).

Defendant was sentenced to one year and one day incarceration, with credit for time already served, and three years of supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offense to which Mr. Hernandez-Portillo pled is a serious one. The defendant has a criminal history, including a prior felony conviction for second degree rape, and has been deported twice. Other considerations, however, support the imposition of a non-Guidelines sentence. The defendant is twenty-six years old and was born and raised in El Salvador until the age of seventeen. He comes from a tight knit and supportive family with limited means. He has a fifth grade education because of the difficult economic circumstances in which he grew up. His father died when the defendant was sixteen, exacerbating the financial pressures on his family. At seventeen, the defendant immigrated to the United States to join his mother and older siblings, who had already moved here in the hopes of securing a better life for the family. During his time in this country, the defendant cultivated good friendships and worked hard, holding jobs as a mover, landscaper, and dishwasher. His prior conviction for rape was, in some degree, a result of poor advice by his court-appointed attorney. His return to the United States after two deportation orders was in part to escape the pressures of gang recruitment in El Salvador.

The defendant is clearly remorseful for his actions. Since his arrest he has served approximately eight months in custody. A sentence of one year and a day incarceration, with credit for time served, and three years supervised release reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed and deportation that will likely follow. Specific deterrence is achieved through continued incarceration, supervised

3

release, and the substantially increased penalties defendant faces if he tries to unlawfully reenter this country. It is the court's hope that he will not engage in further criminal activity in light of his family ties and his remorse.

Jack B. Weinstein
Senior United States District Judge

Dated: September 18, 2012
Brooklyn, New York